```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :

THEODORE M. SACHARKO and            :   BK No. 05-12490
JULIE SACHARKO                          Chapter 7
          Debtors                   :
- - - - - - - - - - - - - - - - - -x
```

### ORDER DENYING DEBTOR'S HOMESTEAD EXEMPTION CLAIM

APPEARANCES:

    Alfred R. Rego, Jr., Esq.
    Attorney for Debtors
    REGO & REGO
    443 Hope Street
    Bristol, Rhode Island 02809

    Lisa A. Geremia, Esq.
    Chapter 7 Trustee
    GEREMIA & DeMARCO Ltd.
    The Gardens Office Park I
    1350 Division Road, Suite 102
    West Warwick, Rhode Island 02893

    John Boyajian, Esq.
    Special Counsel to Chapter 7 Trustee
    BOYAJIAN, HARRINGTON & RICHARDSON
    182 Waterman Street
    Providence, Rhode Island 02906

BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge

BK No. 05-12490

This is a dispute concerning the Debtor's (Sacharko) entitlement to a homestead exemption in his 40% interest in the former marital domicile (the Property). Sacharko no longer lives at the Property, but it is currently occupied by his dependent minor daughter. Sacharko has elected the protections of the Rhode Island Homestead statute, which provides in relevant part:

> (a) ... an estate of homestead to the extent of two hundred thousand dollars ($200,000) in the land and buildings may be acquired pursuant to this section by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise, and who *occupy or intend to occupy* the home as a principal residence.

R.I. Gen. Laws § 9-26-4.1(a)(2005)(emphasis added).

The Trustee argues: (1) that Sacharko fails to qualify for the Rhode Island Homestead Exemption because he neither occupies nor intends to occupy the Property; and (2) the fact that a dependent of the Debtor lives in the Property is irrelevant, under the Rhode Island statute.

Based upon the undisputed facts and the applicable law, I conclude that Sacharko has failed to establish the requisite intent to occupy the Property, and that under Rhode Island law he is therefore ineligible to claim a homestead exemption in the Property.

2

BK No. 05-12490

**FACTS**

The material facts are not disputed: Under his final divorce decree Sacharko was awarded a 40% interest in the former marital domicile in Narragansett, Rhode Island, and his ex-wife received the remaining 60%, plus the exclusive use of the Property until it is sold. Also, according to the decree, Sacharko's interest vests when his minor child is eighteen or upon her graduation from high school, whichever occurs later, but no later than the child's 19th birthday. Sacharko's daughter will turn 19 in 2007.

Since his divorce Sacharko has remarried, and in July 2005, he and his present wife filed this joint Chapter 7 case. The Debtors elected state law exemptions, and Sacharko claimed his 40% interest in the Property as exempt under R.I. Gen. Law § 9-26-4.1, which he values at $84,000. The Trustee filed a timely objection, and the parties have briefed the issues.

**DISCUSSION**

In support of his position that the Rhode Island homestead statute applies where a dependent of the debtor (but *not* the debtor) occupies the Property, the Debtor cites *In re Webber*, 278 B.R. 294 (Bankr. D. Mass. 2002). There the court held that the debtor was entitled to a homestead exemption in property which he neither occupied nor intended to occupy, because the debtor's

3

BK No. 05-12490

spouse and dependent children, who did live at the property, satisfied the "intent to occupy" requirement of the Massachusetts statute. Additionally (and alternatively), the Court held that under the Massachusetts statute, once a homestead is established, its validity is not contingent upon the debtor's occupancy or intent to occupy the premises as the primary residence. The Debtor suggests that because the Massachusetts homestead exemption statute is "similar" to that of Rhode Island, this Court should follow *Webber*.

While I have in the past looked to Massachusetts jurisprudence to help in addressing Rhode Island homestead issues, *see e.g. In re Franklino*, 329 B.R. 363, 366 (Bankr. D. R.I. 2005), that won't work in this case. The two statutes bear no similarity as to how homestead estates are created, how they are terminated, or as to occupancy requirements. In addition, *Webber* is factually dissimilar from the instant case. To use *Webber* as precedent here would be more than a stretch – it would be a clear abuse of discretion.

For example, a Massachusetts homestead exemption, M.G.L. c. 188 §1, is created only by a writing that must be recorded in the registry of deeds in the county or district where the property is located. M.G.L c. 188 §2. The statute also provides three ways to

BK No. 05-12490

terminate a homestead, all of which must be in writing: (1) by deed conveying the homestead property, signed by both the debtor and his/her (if married) spouse; (2) a written release of homestead signed by both the debtor and his/her (if married) spouse; and (3) the acquisition of a new homestead estate. *See* M.G.L. c 188 §§ 2-3.

Under Rhode Island law, a homestead is acquired automatically by "an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise, *and* who *occupy or intend to occupy* the home as a principal residence." R.I. Gen. Laws § 9-26-4.1(a) (emphasis added). There is no requirement of any writing to create a homestead, and obviously no requirement to record any documents with the registrar of deeds. *See In re Furtado*, B.K. No. 00-13949 (Bankr. D.R.I. May 10, 2001). Additionally, unlike the Massachusetts statute, there is no requirement that a termination of the exemption be in writing. The *Webber* court was concerned with the termination of a homestead, and because the existing homestead had not been terminated in accordance with Massachusetts law, the court ruled that the exemption was valid, notwithstanding that *the debtor* no longer occupied the subject property. 278 B.R. at 299.

BK No. 05-12490

*Webber* also contained many other facts which do not exist here. For example*:* (1) In the *Webber* divorce case the debtor was seeking custody of the children, as well as possession of the marital home, and although the family court ruled against him, the debtor appealed the judgment of divorce *nisi*, and the appeal remained pending throughout the course of the bankruptcy case. *Id.* at 295; (2) The debtor maintained all during the bankruptcy that if successful on appeal, he intended to move into the marital home with his children. *Id.* at 296; and (3) On the date of his bankruptcy filing, the debtor was still married to the co-owner. *Id.* at 296-97.

Compare the facts in *Webber* to those in the case at Bench. At the time of his bankruptcy filing, Sacharko's divorce was final, he had in fact remarried, he did not occupy the Property, and there is no evidence that he had any intention to occupy the property in the future. The Rhode Island statute clearly requires one claiming a homestead to occupy or establish the intent to occupy the property as a primary residence. *See In re Franklino*, 329 B.R. 363 (Bankr. D.R.I. 2005). Sacharko does not fit this fact scenario, even remotely, and his attempt to invoke the statute through his minor daughter is also without merit. Hypothetically, the only person who *might* claim a homestead exemption (if she were in bankruptcy)

6

BK No. 05-12490

is Sacharko's former wife, who currently occupies the property with their daughter.

For the reasons discussed above, I find and conclude that the Debtor, Theodore Sacharko has failed to establish his entitlement to an exemption under the Rhode Island statute. Accordingly, the Trustee's objection to the claimed exemption is SUSTAINED.

Enter judgment consistent with this Order.

Dated at Providence, Rhode Island, this 10th day of July, 2006.

/s/ Arthur N. Votolato
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 7/10/2006

7